UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER JOSE MENDOZA-PATINO,

Petitioner,

v. Case No.: 2:26-cv-02153-SPC-KRH

ANGELA C. COBB *et al.*,

Respondents,

_______________________________/

## OPINION AND ORDER

Before the Court are Alexander Jose Mendoza-Patino's Amended Petition for Writ of Habeas Corpus (Doc. 4)[1] and the government's response (Doc. 9).

Mendoza-Patino is a citizen of Venezuela who entered the United States on October 18, 2023. Immigration and Customs Enforcement (ICE) apprehended him, commenced removal proceedings by issuing a notice to appear, and released him under an order of release on recognizance. On April 24, 2026, local police arrested Mendoza-Patino for domestic violence and driving without a license, and ICE issued an immigration detainer. On May

[1] Mendoza-Patino's wife Aysha Marie Mendez Rodriguez signed and filed the petition on Mendoza-Patino's behalf. The government objects to Mendez Rodriguez's standing as her husband's "next friend," but the Court is satisfied that she meets the requirements for "next friend" standing set out in *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

4, 2026, the state attorney declined to press charges. ICE took custody of Mendoza-Patino the next day.

On June 1, 2026, an immigration judge found Mendoza-Patino to be a danger to the community and denied release on bond. Mendoza-Patino requested reconsideration of the bond decision so his wife could testify, and the immigration judge granted the request. In a second bond hearing held on June 22, 2026, the immigration judge again denied bond after finding Mendoza-Patino to be a danger to the community.

Mendoza-Patino argues his detention is unlawful because he is not a flight risk or a danger to the community, and because his detention causes his wife hardship. Mendoza-Patino essentially asks the Court to overturn the immigration judge's determination that he is a danger to the community who should not be released on bond. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). The Board of Immigration Appeals is the proper venue to challenge the bond decision. Accordingly, Mendoza-Patino's Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED**. The Clerk is **DIRECTED** to

terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record